COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: __Ray, Jr.,_____   __Edward_____   __V__
        (Last)              (First)            (Middle Initial)

Prisoner Number: __F73521__

Institutional Address: __P.O. Box 608__
__Tehachapi, CA. 93581__

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

__Edward Vincent Ray Jr__    )
(Enter your full name.)       )
                              )
        vs.                   )   Case No. _____
                              )   (Provided by the clerk upon filing)
__California Supreme Court__  )
__(In official Capacities)__  )   COMPLAINT UNDER THE
                              )   CIVIL RIGHTS ACT,
                              )   42 U.S.C. § 1983
(Enter the full name(s) of the defendant(s) in this action.)
                              )   (JURY TRIAL DEMAND)

I. Exhaustion of Administrative Remedies.

*Note:* You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A. Place of present confinement __California Correctional Instit. Tehachapi, CA.__

B. Is there a grievance procedure in this institution?    YES ☐    NO ☐

C. If so, did you present the facts in your complaint for review through the grievance procedure?    YES ☒    NO ☐

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

   1. Informal appeal: __N/A__
   _____
   _____

PRISONER COMPLAINT (rev. 8/2015)
*Page 1 of 3*

2. First formal level: __N/A__

3. Second formal level: __N/A__

4. Third formal level: __N/A__

E. Is the last level to which you appealed the highest level of appeal available to you?
   YES ☐   NO ☐

F. If you did not present your claim for review through the grievance procedure, explain why.
   __Not a Conditions of Confinement Complaint__

## II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.
   Edward Vincent Ray, Jr. # F73521
   P.O. Box 608
   Tehachapi, CA. 93581

B. For each defendant, provide full name, official position and place of employment.
   California Supreme Court Justices (All)
   350 McAllister Street
   San Francisco, CA. 94102

PRISONER COMPLAINT (rev. 8/2015)
Page 2 of 3

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

The California Supreme Court refuses to comply with its own "State laws and/or procedures." Cf. Wilkinson v. Dotson, 544 U.S. 74 (2005); By doing so that Court violated Plaintiff's 14th Amendment Rights of Due Process see, e.g. Hicks v. Oklahoma, 447 U.S. 343, 346 (1980) and/or Hewitt v. Helms, 459 U.S. 460 (1983)

Here's why and how: on 6/16/2020 Plaintiff in fact filed a State Petition for writ of habeas corpus in the Alameda County Superior Court, in which he challenged the description of the Suspects; and he supported his claims with documentary evidence →
(cont'd next pg)
pg 3A

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

"Injunctive relief"; that this Court be ordered to adhere to its own State Created Laws and for the prior Writ of Habeas Corpus filed by Plaintiff be adjudicated applying the proper procedures in People v. Duvall (1995) 9 Cal. 4th 464, 474 See also, Ex parte Young, 209 U.S. 123 (1908)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 8/2/2021    Edward Vincent Ray Jr
Date                      Signature of Plaintiff

PRISONER COMPLAINT (rev. 8/2015)
Page 3 of 3

including his own declaration signed under the penalty of perjury and an Appendage of Exhibits that contained trial transcripts of testimony of the alleged "victims" whose testimony exonerates him by race alone; (i.e., the "victims" stated the suspects were "black and/or hispanic") whereas Plaintiff is white.

Well the Superior Court ruled that Plaintiff failed to establish a "prima facie" case for relief, which is contrary to California Supreme Court law in Aguilar v. Atlantic Richfield Co. (2001) 25 Cal. 4th 826, 851; Quinn v. City of L.A., (2000) 84 Cal. App. 4th 472, 479-80; and/or People v. Duvall (1995) 9 Cal. 4th 464, 474, and/or State laws therein.

This procedural error amounts to a Substantive Due Process, and/or Equal Protection of the laws violation, as Plaintiff did establish a "prima facie" case for relief, based on the State of California's own doctrines, that pertain to "prima facie relief." See Portman v. City of Santa Clara, 307 F.3d 1119, 1126 (9th Cir. 2002) So, Plaintiff filed a Petition for Writ of Mandamus in the California Supreme Court to compel the Superior Court to comply with the doctrines of "Prima facie" relief, the Supreme Court gave Plaintiff a "post card denial". And,

(3-A)   (cont'd next pg 3-B)

California Supreme Court denial of discretionary review is NOT a decision on the merits. See Camper v. Workers' Comp Appeals Bd. (1992) 3 Cal. 4th 679, 689 n.8.

See also, "[A] person's liberty is equally protected, even when the liberty itself is a statutory creation of the State. The touchtone of due process is protection of the individual against arbitrary action of government" Quoting Dent v. West Virginia, 129 U.S. 114, 123 (1889); Parker v. Pliler, 307 Fed. Appx. 81, 82 (9th Cir. 2009); Marsh v. Co. of San Diego, 680 F.3d 1148, 1157 (9th Cir. 2012) (citing, inter alia, Hicks for the proposition that "Statutory laws of general applicability can create a liberty interest that is constitutionally protected". (emphasis in original)

Here, Plaintiff challenges the California Supreme Court's procedures as being unconstitutional, and the relief sought is a new (and fair) hearing. Cf. Wilkinson v. Dotson, 125 S. Ct. 1242 (2005); See also, Bonin v. Calderon, 77 F.3d 1155, 1161-62 (9th Cir. 1996) (Bonin II); District Attorney's Office for the Third Jud. District v. Osborne, 129 S. Ct. 2308, 2320 (2009). Thus a 42 U.S.C. § 1983 is the proper remedy to make the State comply w/ its own Laws.

(3-B)

1. Because Plaintiff was found to have suffered "three-strikes"
2. under § 1915(g) by the Court in Ray Jr. v. Deffenbaugh, et al.,
3. No. 12-cv-2955-MCE-CMK (E.D. Cal.), in order to proceed in
4. IFP Plaintiff must allege "imminent danger", (See below).
5.
6. In 2012, Plaintiff sought, and received, "protective custody status",
7. or ("SNY" status) from prison officials, as the "General Population"
8. inmates, or ("GP" inmates) were planning on physically attacking him
9. due to the "GP" inmates beliefs that Plaintiff, during the custodial
10. interview with police, "snitched on one of his codefendants".
11.
12. To date, Plaintiff never rescinded the "SNY status", he now
13. invokes the "But For" causation factor here of danger.
14. However, in 2018, prison officials in their infinite wisdom have
15. decided to force "SNY inmates" to house on yards with, and
16. alongside, "GP inmates", on "Non-Designated Programming Facilities"
17. or ("NDPF), these inmates are **mortal enemies**, who by prison edict
18. must attack each other. And, prison officials are aware of this fact.
19.
20. Plaintiff filed, and exhausted a prison grievance; stating he is
21. being placed in "imminent danger" if housed on a NDPF, which is
22. exactly where he is now at, the California Correctional Institution
23. or ("CCI"). which now is a "NDPF" housing **both** "SNY" and/or
24. "GP" inmates, placing Plaintiff in "imminent danger" of being
25. physically attacked on a daily basis, because of his status.
26.
27. Plaintiff is now in IMMINENT DANGER of attack and although
28. he doesn't have a right to be held in a particular prison, he
does have a right to be safe, wherever he is housed.

## VERIFICATION

I, Edward Vincent Ray, Jr., State:

I am the Plaintiff in this action, I have read the foregoing 42 U.S.C. § 1983 civil rights complaint and the facts stated therein are true of my own personal knowledge, except as to matters that are therein stated on my own information and beliefs, and as to those matters I believe them to be true.

I declare under the penalty of perjury that the foregoing is true and correct, this declaration was executed at Tehachapi, CA., on 8/2/2021

*Edward Vincent Ray Jr.*
Edward Vincent Ray, Jr.
Plaintiff / declarant

CALIFORNIA CORRECTIONAL INSTITUTION
## PROOF OF SERVICE BY MAIL
(C.C.P. §1013a, §2015.5, Fed.R.Civ.P. 5, 23 U.S.C. 1746)

(A) I am over the age of eighteen years, a citizen of the United States, a resident of the State of California, (and / and not) a party to the within action. My mailing address is: P.O. BOX __608__, TEHACHAPI, CA 93581.

(B) On the following date: __8 / 2 / 2021__, I served the following document(s):

(C) __42 U.S.C § 1983 civil rights complaint__

(D) On the interested parties in this action, by placing true copies thereof, enclosed in sealed envelopes, addressed as follows to the following party(ies):

Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, CA. 94102

I am readily familiar with the normal business practices for the collection and processing of correspondence and other materials for mailing with the United States Postal Service (USPS). On the same day that correspondence is placed for collection and mailing, in a sealed envelope and postage fully prepaid, it is deposited into a box so provided to the California Correctional Institution in which I am presently confined.

I certify and declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

(E) Name: __Edward Vincent Ray, Jr.__ CDCR#: __F73521__

Signed: __Edward Vincent Ray Jr__ Dated: __8 / 2 / 2021__

---

**STAFF: ACKNOWLEDGEMENT OF RECEIPT ***

Dated: _____  Staff: _____

Signed: _____